IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDY RAEL,

    Plaintiff,

vs.                                                        No. 1:10-cv-00272 JAP-WDS

DANIEL R. MARLOWE and
THE MARLOWE LAW FIRM,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    Defendants Daniel R. Marlowe and The Marlowe Law Firm (collectively "Marlowe") filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted (Doc. No. 11) (Motion) on August 13, 2010.  Marlowe argues that he is not a state-actor and that he therefore cannot be held liable under 42 U.S.C. §1983 for the alleged violation of Plaintiff Andy Rael's constitutional rights.  Having considered the arguments of the parties as well as the briefs and the applicable law, the Court will grant Marlowe's Motion and will dismiss the Complaint (Doc. No. 1) filed by Rael on March 22, 2010.

**BACKGROUND**

    According to Rael's Complaint, Rael was arrested in 1997 and charged with trafficking a controlled substance. Rael hired Marlowe, a criminal defense attorney, to represent him.  The criminal investigation into Rael's alleged involvement in drug trafficking involved a confidential informant, Clint Grant. At the time that Grant became an informant, which was prior to his

involvement in Rael's case, criminal charges were pending against Grant in two matters. Marlowe was appointed by the New Mexico public defender department to represent Grant and Marlowe entered an appearance on behalf of Grant on July 24, 1996. In exchange for dismissal of the charges against him, Grant apparently agreed to become a confidential informant.

In June of 1997, Marlowe learned that Grant was the confidential informant who was going to testify against Rael in Rael's pending drug trafficking case. Despite learning that Grant, Marlowe's former client, was going to testify against Rael, Marlowe continued to represent Rael and cross-examined Grant during Rael's trial. On July 22, 1997, Rael was convicted of five counts of trafficking a controlled substance as well as one count of racketeering. Rael was sentenced to seventy years in prison.

In 2006, the New Mexico Supreme Court reversed Rael's conviction and remanded his case for a new trial after it concluded that Marlowe's prior representation of Grant created an actual conflict of interest with his representation of Rael. *See Rael v. Blair*, 2007-NMSC-006, ¶ 29, 141 N.M. 232, 153 P.3d 657. In 2008, the case against Rael was apparently dismissed before a retrial.

On March 22, 2010 Rael filed his Complaint alleging that Marlowe violated Rael's constitutional rights by failing to withdraw his representation of Rael after Marlowe discovered that Grant would testify against Rael. Rael seeks damages in an amount no "less than one million ($1,000,000.00) dollars" plus punitive damages for "false imprisonment and the pain and mental anguish suffered" during Rael's ten-year incarceration. Complaint at 6.

## DISCUSSION

Marlowe moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Rael's Complaint. Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a

claim upon which relief can be granted." In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that the complaint set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (citations omitted). A plaintiff is not required to include specific facts in a complaint as long as the complaint "gives the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quotation marks and alteration omitted).

In his Motion, Marlowe argues that Rael has failed to state a claim for which relief can be granted because the sole basis for Rael's relief is §1983, Marlowe is not a state-actor, and consequently he is not subject to liability under §1983. Section 1983 "provides a remedy for constitutional violations committed by state officials" under color of law. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1446. In order for a plaintiff to prevail in a §1983 claim

alleging deprivation of constitutional rights, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* at 1447.

It is undisputed that Marlowe was a privately retained attorney who Rael hired to represent him in his state criminal trial. "The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of §1983." *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). Rather, a private attorney can only be held liable under §1983 if the attorney can be said to have conspired with a state actor to violate the constitutional rights of the plaintiff. *See id.* Rael does not allege that Marlowe conspired with a state actor. Rael contends only that Marlowe himself was a state actor because Marlowe had been appointed by the New Mexico public defender's department to represent Grant in the criminal case that led Grant to become a confidential informant. Rael essentially seeks to have Marlowe labeled as a state actor for all purposes because he at one time was appointed to represent a client on behalf of a state entity. The United States Supreme Court, however, has explicitly held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312 (1981). Thus, even if Marlowe had been appointed by the public defender department to represent Rael, Marlowe could not be sued under §1983 as a state actor and Marlowe certainly cannot be deemed a state actor during his private representation of Rael due to past appointments by the public defenders office.

Because Rael has not alleged any facts under which Marlowe could be found to be a state actor, the Court concludes that Rael has failed to state a claim for which relief could be granted.

The Court therefore GRANTS Defendants' Motion to Dismiss For Failure To State A

Claim Upon Which Relief Can Be Granted (Doc No. 11) and will dismiss Rael's Complaint (Doc. No. 1) with prejudice.

                                                    *James A. Parker*
SENIOR UNITED STATES DISTRICT COURT JUDGE